**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., | |
| Plaintiffs, | |
| v. | Case No. _____ |
| FLOSPORTS, INC. | |
| Defendant. | |

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiffs, NIMA GHARAVI ("Mr. Gharavi") and RIGHT CALL OFFICIALS, INC. ("Right Call Officials, Inc.") (collectively, "Plaintiffs"), by counsel, SWANSON, MARTIN & BELL, LLP, for their Complaint against Defendant, FLOSPORTS, INC. ("Defendant" or "FloSports"), state as follows:

**PARTIES**

1.     Plaintiff Nima Gharavi is a citizen of the State of Illinois and a resident of Chicago, Illinois. Mr. Gharavi is a registered wrestling official with the National Collegiate Athletic Association ("NCAA"), the Illinois High School Association ("IHSA"), the Illinois Elementary School Association ("IESA"), USA Wrestling ("USAW"), and other wrestling organizations. Mr. Gharavi has officiated wrestling matches all over the United States, including in the State of Illinois. Mr. Gharavi also has an established YouTube channel, managed by his company, Plaintiff, Right Call Officials, Inc., an Illinois corporation, under the handle "Midwest Wrestle," in which he posts his edited videos of wrestling matches from all over the United States.

2.     Upon information and belief, Defendant FloSports Inc. is a Delaware corporation with a principal place of business located at 979 Springdale Road, Suite 120, Austin, Texas 78702.

Upon information and belief, Defendant records and broadcasts live sporting events, including those which take place in Illinois.

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant FloSports, Inc. is a Delaware corporation incorporated in this State and is therefore deemed to reside in this judicial district for venue purposes.

## CHOICE OF LAW

5.     This Court should apply Illinois substantive law to Plaintiffs' state law claims. Under Delaware's choice-of-law rules, which follow the Restatement (Second) of Conflict of Laws, the law of the state with the most significant relationship to the occurrence and the parties governs tort claims. Restatement (Second) of Conflict of Laws § 145. Illinois has the most significant relationship to this action because: (a) Plaintiff Gharavi is domiciled in Illinois; (b) Plaintiff Right Call Officials, Inc. is an Illinois corporation with its principal place of business in Illinois; (c) Plaintiffs' reputational and economic injuries were suffered primarily in Illinois, where Plaintiffs reside, conduct business, and maintain their professional relationships within the wrestling community; and (d) for internet defamation claims, there is a presumption that the plaintiff suffers the greatest harm in their state of domicile. *See* Restatement (Second) of Conflict of Laws § 150, cmt. e. Additionally, Illinois has a strong interest in protecting the reputation and business interests of its domiciliaries from tortious conduct directed at them, regardless of where the tortfeasor is located.

## NATURE OF THE CASE

6.      This lawsuit emanates from Defendant's publishing of malicious and false statements about Mr. Gharavi to third parties, which have resulted in great financial damage and danger of physical harm to Mr. Gharavi.

7.      As a result of Defendant's conduct, Mr. Gharavi has incurred damages in excess of $75,000.

## FACTUAL ALLEGATIONS

### *Plaintiffs' Background and Work*

8.      Mr. Gharavi is an individual with a longstanding passion for the sport of wrestling.

9.      Mr. Gharavi, individually and through his company Right Call Officials, Inc., has been a wrestling official through the NCAA, IHSA, IESA, USAW and other wrestling organizations for many years, and has officiated hundreds of wrestling matches across the United States.

10.      Mr. Gharavi is the only officer and employee of Right Call Officials, Inc. d/b/a Midwest Wrestle.

11.      In addition to his officiating duties, Mr. Gharavi attends local and regional wrestling matches hosted by high schools, colleges, and universities across the United States.

12.      Mr. Gharavi video records the wrestling matches he attends. The original—and a continuing—purpose of this work has been to build and grow a database of clips to be used for continuous improvement of wrestling officiating through in-person and online training clinics, as well as through the modification of rules, and the issuance of Case Book updates based upon these clips.

13.      After a number of years collecting clips originally seen only by officials, Mr.

Gharavi established a YouTube channel under the handle "Midwest Wrestle" where he posts his edited videos to his Midwest Wrestle YouTube account to share his passion for the sport and so that friends and family of the athletes have a way to view and share the matches.

14.     To maximize his viewership and provide higher-quality videos to attendees and fans of the sport, Mr. Gharavi utilizes a high-quality video camera and has spent an immeasurable amount of time editing the matches he recorded.

15.     Mr. Gharavi has been working in the wrestling community for eight years. Midwest Wrestle has over 175,000 followers on YouTube.

16.     Mr. Gharavi holds the copyrights to all original video content created for and posted to the Midwest Wrestle YouTube channel, which is operated as a business through Right Call Officials, Inc.

### *Third-Party Interference with Plaintiffs' Videos*

17.     Especially in light of the fact that many of the subjects of Mr. Gharavi's videos and fans of his account are minors, Mr. Gharavi spends several hours each day reviewing third-party comments on the videos he posts to his Midwest Wrestle YouTube account, which includes translating comments in foreign languages to ensure offensive and inappropriate commentary are identified and removed and the offending accounts are blocked, and to otherwise ensure a positive and safe space for his viewers and the athletes contained within the videos.

18.     Mr. Gharavi has never purposely enabled YouTube's default "embedding" function on his videos—the feature that allows other websites to display his content by copying a line of code from YouTube and pasting it into the HTML of another website.

19.     The only websites that have embedded Mr. Gharavi's videos, that he is aware of, are standard sources such as the NCAA and local wrestling clubs.

20.     On or about June 5, 2023, Mr. Gharavi conducted an analysis of the top twenty-five most viewed videos on the Midwest Wrestle YouTube account and determined that external sites or applications embedding or linking to his YouTube videos make up less than 1% of the total viewership of his videos.

21.     Mr. Gharavi has identified a number of websites that have pirated (illegally copied or distributed without the permission of the content creator) the Midwest Wrestle YouTube videos or otherwise re-posted his videos, without his prior knowledge or consent (the "Third-Party Websites").

22.     Some Third-Party Websites, to Mr. Gharavi's great dismay, contain pornographic materials and other immoral and offensive content.

23.     Mr. Gharavi is in no way affiliated with any of these pornographic and offensive external websites and has never consented to his videos being posted on these Third-Party Websites. Rather, the issue of wrestling match videos being pirated to pornographic websites is unfortunate but common in the wrestling industry.

24.     In fact, Mr. Gharavi regularly submits takedown requests pursuant to the Digital Millennium Copyright Act ("DMCA") to offensive Third-Party Websites requesting they expeditiously remove or disable access to his videos. Moreover, Mr. Gharavi has served subpoenas under 17 U.S.C. § 512(h) to Tumblr, Inc., Microsoft Corporation, Google LLC, Reddit Inc., Meta Platforms, Inc., X Corp. (Successor in Interest to Twitter, Inc.) and Dynadot Inc. to seek information sufficient to identify alleged infringers of his videos.

25.     Mr. Gharavi strives to protect his video content and the athletes depicted within as much as he can.

26.     Mr. Gharavi has never posted his wrestling videos to pornographic websites nor

encouraged anyone to post his videos to pornographic websites.

### *Defendant's Targeting of Plaintiffs*

27.    Upon information and belief, Christian Pyles ("Mr. Pyles") serves as Content Director at FloSports, a senior leadership position with substantial authority and decision-making power over FloSports' content strategy, competitive practices, public communications, and enforcement actions, as well as significant operational control and discretion in determining FloSports' approach to competitors and perceived threats to FloSports' business interests. Upon information and belief, Mr. Pyles orchestrated, directed, and executed the campaign against Plaintiffs described herein, acting with actual malice and with the specific intent to destroy Plaintiffs' reputation and business. Upon information and belief, Mr. Pyles was the primary architect and driving force behind FloSports' defamatory statements and tortious conduct alleged in this Complaint. Upon information and belief, Mr. Pyles registered and authors posts on the social media platform X (formerly Twitter) under the handle "@CPyles8," which are accessed by users across the United States, and which he used as a vehicle to disseminate false and defamatory statements about Plaintiffs.

28.    Upon information and belief, Jon Kozak ("Mr. Kozak") serves as a Ranker at FloSports, a position of influence and authority within FloSports' wrestling coverage operations. Upon information and belief, Mr. Kozak actively collaborated with Mr. Pyles in conceiving, planning, and executing the campaign to defame and destroy Plaintiffs' business and reputation. Upon information and belief, Mr. Kozak was a willing and knowing participant in the scheme to disseminate false statements about Plaintiffs, and acted with actual malice and with the specific intent to harm Plaintiffs. Upon information and belief, Mr. Kozak communicated defamatory statements about Plaintiffs to third parties, including wrestling coaches and tournament officials,

6

as part of the coordinated campaign to exclude Plaintiffs from wrestling events and to damage Plaintiffs' professional relationships. Upon information and belief, Mr. Kozak registered and authors posts on the social media platform InterMatWrestle.com under the username "Jon_Kozak," which is accessed by users across the United States, and which he used as a platform to publish false and defamatory statements about Plaintiffs, including the false claim that FloSports had "proved" copyright infringement against Plaintiffs.

29.     Defendant, through Mr. Pyles, Mr. Kozak and other agents or representatives of Defendant, began intentionally and unjustifiably targeting Mr. Gharavi and Midwest Wrestle in the spring of 2023, when Connor Jaschen, acting as a representative of Defendant, submitted knowingly false DMCA takedown notices for twenty of Mr. Gharavi's YouTube videos (hereinafter the "False DMCA Notices"). At the time the False DMCA Notices were sent, upon information and belief, Defendant did not hold registered copyrights in any of the complained about works. (*See* False DMCA Notices, attached as **Exhibit A**)

30.     After nearly three weeks, Mr. Gharavi successfully defended each of the False DMCA Notices submitted by Defendant. However, Mr. Gharavi was banned from posting any new content during that time, causing significant damages to Plaintiffs' business. Additionally, it took Mr. Gharavi roughly four months to restore the viewership and revenue he was generating prior to Defendant's actions against him.

31.     Internal emails of Defendant dating as early as May 25, 2023 (the "May 25, 2023 Email Thread") show Mr. Pyles, acting as a representative of Defendant, calling Mr. Gharavi a "guaranteed predator who shoots videos of [high school] events and posts them on porn sites." (*See* May 25, 2023 Email thread with FloSports, attached as **Exhibit B**)

32.     In the May 25, 2023 Email Thread, Mr. Pyles also stated that Mr. Gharavi "enables

the embed function for this purpose" in reference to the allegation that Mr. Gharavi intentionally posts his videos to pornographic websites.

33.    In the May 25, 2023 Email Thread, Defendant, through Mr. Pyles, accuses Mr. Gharavi of shooting the videos "for a deviant purpose," and stated its intention to contact numerous wrestling authorities, sports organizations, and other "wrestling leadership" to alert them to Mr. Gharavi's "sinister" conduct.

34.    During the False DMCA Notice inquiry period, on June 2, 2023 Defendant sent Mr. Gharavi a letter (the "June 2, 2023 Letter") expressing its concern that Mr. Gharavi had filmed and posted videos of wrestling matches for which Defendant claims to have exclusive recording rights. (*See* June 2, 2023 Cease and Desist Letter, attached as **Exhibit C**).

35.    Within the June 2, 2023 Letter, Defendant raised concerns that Mr. Gharavi's videos "are being widely shared on pornographic web sites around the world," and further accused Mr. Gharavi of fabricating his videos' popularity by intentionally exploiting his videos containing "youth wrestlers."

36.    On July 10, 2023, Defendant's outside counsel, Karen Burgess of Burgess Law PC ("Ms. Burgess"), stated in an email to Mr. Gharavi's prior counsel that "[Mr. Gharavi] has chosen to monetize this distribution of child pornography." (*See* July 10, 2023 Karen Burgess Email, attached as **Exhibit D**).

37.    On July 13, 2023, Mr. Gharavi responded to Defendant and Ms. Burgess (the "July 13, 2023 Response") vehemently denying these accusations and reiterating his commitment to ensuring his videos are taken off pornographic or offensive websites. (*See* July 13, 2023 Response, attached as **Exhibit E**)

38.    Following the July 13, 2023 Response, Defendant knew, or reasonably should

have known, that their allegations of Mr. Gharavi's misconduct were false.

39.      Upon information and belief, Defendant, Mr. Pyles, Mr. Kozak and other representatives of Defendant, acting in concert and with shared malicious intent, had every intention of widely disseminating to the wrestling community that Mr. Gharavi is an immoral and dangerous character.

40.      Upon information and belief, Defendant, through Mr. Pyles, Mr. Kozak, and through other representatives of Defendant, knowingly published false statements regarding Mr. Gharavi's character to members of the wrestling community.

41.      Upon information and belief, Defendant, through Mr. Pyles, Mr. Kozak, and/or through other representatives of Defendant, knowingly forwarded false information about Mr. Gharavi and his alleged immoral character to wrestling coaches attending events where Mr. Gharavi was also in attendance.

42.      Upon information and belief, Defendant, through Mr. Pyles, Mr. Kozak, and/or through other representatives of Defendant, knowingly forwarded false information about Mr. Gharavi and his alleged immoral character to Northwestern University's Head Wrestling Coach Matt Storniolo on December 29, 2023 during the first day of the two-day 2023 Midlands Championships collegiate wrestling tournament at "NOW Arena" in Hoffman Estates, Illinois, resulting in the revocation of Mr. Gharavi's media credential, his expulsion from the tournament, and his prohibition from returning to film not only the second day of the 2023 tournament, but future instances of the annual tournament as well.

### *Social Media Attacks on Plaintiffs*

43.      Upon information and belief, on December 30, 2023, Mr. Pyles, acting in his capacity as Content Director of Defendant, and exercising his substantial authority and discretion

over Defendant's public communications and social media presence, authored and published public social media posts identifying or otherwise referencing Mr. Gharavi and/or Midwest Wrestle, including, but not limited to:

  a.  Identifying Mr. Gharavi as an official within the wrestling industry;

  b.  Stating that Defendant has done everything in its power to eliminate Mr. Gharavi from their shared industry;

  c.  Characterizing Mr. Gharavi as "true evil";

  d.  Painting Mr. Gharavi's motives in recording and posting his videos as coming from a person "with twisted desires";

  e.  Calling Mr. Gharavi a "parasite" and confirming that Defendant has taken steps to alert the public that Mr. Gharavi poses a danger to the community;

  f.  Confirming that Defendant published statements about Mr. Gharavi's alleged immoral and dangerous conduct to "various authorities and wrestling leadership";

  g.  Accusing Mr. Gharavi of intentionally allowing pornographic websites to embed his videos into their own website; and

  h.  Accusing Mr. Gharavi of intentionally profiting from pornographic websites embedding his videos. (*See* FloSports/Pyles Social Media Posts, attached as **Exhibit F**)

("Mr. Pyles' Social Media Posts").

44.    Upon information and belief, on January 1, 2024, Mr. Kozak, acting in his capacity as a Ranker for Defendant, and in coordination with Defendant and Mr. Pyles, authored and published public social media posts identifying or otherwise referencing Mr. Gharavi and/or

Midwest Wrestle, including, but not limited to:

      a.   Stating that Mr. Gharavi's YouTube videos are embedded on pornographic websites; and

      b.   Admitting that Defendant issued knowingly False DMCA Notices against Mr. Gharavi in retaliation against Mr. Gharavi for his allegedly inappropriate behavior. ("We've tried to strike his channel for copyright infringement because that's what we can actually prove. We're still working through it but things have gotten tricky where we've had to bring in legal." *See* Exhibit B and FloSports/Kozak Social Media Posts, attached as **Exhibit G**)

("Mr. Kozak's Social Media Posts"). (Mr. Pyles' Social Media Posts and Mr. Kozak's Social Media Posts are hereinafter referred to as the "Social Media Posts").

45.    Plaintiffs' business has never been "proved" to be an infringer of Defendant's intellectual property and the statements in Mr. Kozak's Social Media Posts suggesting otherwise are damaging to Plaintiffs' business reputation.

46.    Mr. Gharavi is not a pedophile, does not engage in immoral or dangerous conduct, does not pose a danger to the wrestling community, and has never intentionally allowed or encouraged pornographic websites to pirate or embed his videos into their own website.

47.    Defendant knew that the defamatory statements made in the Social Media Posts were false.

48.    Upon information and belief, Mr. Pyles, Mr. Kozak, and other representatives of Defendant, acted in concert, with shared actual malice and with the common purpose of destroying Plaintiffs' reputation and business.

*49.*    Defendant knew or should have known of Mr. Gharavi's reputation in the

wrestling community and that Mr. Gharavi enters into business relationships with third-parties based on his successful Midwest Wrestle YouTube channel.

### ***Damage to Plaintiffs***

50.     Wrestling coaches and/or employees of the organizations hosting wrestling events in which Mr. Gharavi attended have requested Mr. Gharavi and/or Midwest Wrestle to cease filming and/or leave the premises in response to the statements made in Defendant's Social Media Posts.

51.     Mr. Gharavi and/or Midwest Wrestle's contracts with organizations including, but not limited to, IESA, IHSA, NCAA, and USAW, have been cancelled in response to the statements made in Defendant's Social Media Posts.

52.     Following the posting of Mr. Gharavi's personal information in the Social Media Posts, on January 2, 2024, Mr. Gharavi was the subject of an attempted break-in at his home, at the address published by third parties.

53.     Following the break-in at his home, Mr. Gharavi fled the state for his own safety.

54.     Mr. Gharavi is now in fear for his life and his physical safety because of the inflammatory accusations made against him in the Social Media Posts.

55.     Mr. Gharavi has suffered and continues to suffer loss of his reputation because of the inflammatory accusations made against him in the Social Media Posts.

56.     Upon information or belief, neither Defendant, Mr. Pyles nor Mr. Kozak conducted any reasonable investigation into their claims that Mr. Gharavi and/or Midwest Wrestle posts videos to pornographic websites.

57.     Upon information or belief, Defendant has no evidence that Mr. Gharavi and/or Midwest Wrestle posts videos to pornographic websites.

58.    Upon information or belief, Defendant has no evidence that Mr. Gharavi and/or Midwest Wrestle created or knowingly distributed child pornography.

59.    The Social Media Posts and other statements made by Defendant were not privileged and were published by Mr. Pyles and Mr. Kozak, acting on behalf of Defendant, with actual malice, hatred and ill will toward Mr. Gharavi and/or Midwest Wrestle and a desire to injure him, for which Plaintiffs seek punitive damages.

60.    As a result of Defendant's unlawful conduct, Mr. Gharavi (and Midwest Wrestle by proxy) has suffered severe injury to his character and reputation in his peer community and professional community, as well as diminished his future prospects for recording, endorsement, and sponsorship opportunities.

61.    As a result of Defendant's unlawful conduct, Mr. Gharavi (and Midwest Wrestle by proxy) has been asked to leave events, cease filming events, and/or had his press credentials revoked during events, which has subjected him to ridicule and embarrassment.

62.    As a result of Defendant's unlawful conduct, Mr. Gharavi is in danger of physical harm.

63.    As a result of Defendant's unlawful conduct, Mr. Gharavi has been exposed to public hatred, contempt, ridicule, harassment, and/or threats of physical harm causing severe and extreme injury to Mr. Gharavi's emotional, physical, and social wellbeing both now and in the future, and is in danger of physical harm.

## COUNT I:
### Defamation

64.    Plaintiffs restate and incorporate by reference the allegations contained in the preceding paragraphs as if fully stated herein.

65.    Defendant conceived, directed, and executed the campaign alleged herein, without

privilege or permission, published false statements about Mr. Gharavi to members of the wresting community and in the Social Media Posts.

66.     Defendant made these statements with knowledge of their falsity or in reckless disregard as to whether such statements were true or false and to intentionally injure Mr. Gharavi without just cause or excuse.

67.     Defendant acted with actual malice when it made the statements about Mr. Gharavi and when Mr. Pyles, Mr. Kozak and other representatives of Defendant encouraged others to repeat the statements.

68.     Defendant's statements impute the inability of Mr. Gharavi to perform or a want of integrity in the discharge of his duties as a wrestling official and video producer, and prejudice Mr. Gharavi in his profession or business and malign him in his business.

69.     Defendant's statements accuse and/or impute that Mr. Gharavi has committed criminal offenses, including, but not limited to, dissemination of child pornography, nonconsensual dissemination of pornographic images, creation of pornography, and/or contribution to the creation of child pornography, and/or encouragement of the creation of nonconsensual pornography.

70.     Defendant's statements caused Mr. Gharavi damage to his reputation in that other professionals in the wrestling industry, the online community at large, as well as current and potential consumers of Mr. Gharavi's YouTube channel, were told that Mr. Gharavi is a sexual predator and/or engages in pedophilia or other lewd behavior.

71.     As a result of Defendant's unlawful conduct, Mr. Gharavi has suffered severe injury to his character and reputation in his peer community and professional community, as well as diminished his future prospects for recording, endorsement, and sponsorship opportunities,

including, but not limited to, being asked to leave events, cease filming events, had his press credentials revoked during events, and/or contracts cancelled.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1) Enter judgment in their favor and against Defendant in an amount to be determined at trial, but estimated to be well in excess of $75,000;

2) Award Plaintiffs punitive damages;

3) Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

4) Any other further relief it deems just and appropriate.

<u>COUNT II:</u>
**Invasion of Privacy by False Light**

72.     Plaintiffs restate and incorporate by reference the allegations contained in the preceding paragraphs as if fully stated herein.

73.     Defendant's publication of the statements made in the Social Media Posts, and their encouragement of others to disseminate its statements, placed misleading information about Mr. Gharavi before the public, creating an assertion that Mr. Gharavi had been involved in vile and serial criminal and sexual conduct when he had not.

74.     Defendant, through Mr. Pyles, Mr. Kozak and other representatives of Defendant, published the statements made about Mr. Gharavi in the Social Media Posts with knowledge that the statements were false or with reckless disregard of their falsity, and with the intention to place Mr. Gharavi in a false light, and with knowledge of the false light in which Mr. Gharavi would be placed.

75.     Defendant's Social Media Posts accusing Mr. Gharavi of vile and serial criminal and sexual conduct, stating or implying likelihood of future harm to others, are highly offensive

and injurious to Mr. Gharavi's past, current, and future character, reputation, and stature in the community, and by their nature, would be highly offensive to any reasonable person.

76.    Defendant acted with actual malice when it made the statements about Mr. Gharavi and when Mr. Pyles, Mr. Kozak and other representatives of Defendants, encouraged others to repeat the statements.

77.    Defendant published its statements with reckless disregard to Mr. Gharavi's reputation, physical safety, and with reckless disregard for the falsity of their statements.

78.    As a result of Defendant's unlawful conduct, Mr. Gharavi has suffered great financial harm, embarrassment, extreme emotional distress, and harm to Mr. Gharavi's professional reputation.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1) Enter judgment in their favor and against Defendant in an amount to be determined at trial, but estimated to be well in excess of $75,000;

2) Award Plaintiffs punitive damages;

3) Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

4) Any other further relief it deems just and appropriate.

### COUNT III:
### Intentional Infliction of Emotional Distress

79.    Plaintiffs restate and incorporate by reference the allegations contained in the preceding paragraphs as if fully stated herein.

80.    Defendant's conduct of publishing false statements in the Social Media Posts that Mr. Gharavi is actively posting or encouraging others to post his videos to pornographic websites is extreme and outrageous, goes beyond the bounds of common decency, and is offensive to any

reasonable person.

81.    Defendant intended to cause Mr. Gharavi severe emotional distress and/or knew that there was a high probability that their conduct would cause such emotional distress.

82.    Mr. Gharavi has experienced fear for his physical safety and his life upon receiving threats from the general public and having his identity and other personally identifiable information published by Defendant in the Social Media Posts.

83.    As a result of Defendant's conduct, Mr. Gharavi has experienced severe emotional distress, anxiety, mental anguish, embarrassment and humiliation.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1)    Enter judgment in their favor and against Defendant in an amount to be determined at trial, but estimated to be well in excess of $75,000;

2)    Award Plaintiffs statutory pre-judgment interest; and

3)    Any other further relief it deems just and appropriate.

## <u>COUNT IV:</u>
## Tortious Interference with Prospective Business Relationships

84.    Plaintiffs restate and incorporate by reference the allegations contained in the preceding paragraphs as if fully stated herein.

85.    Mr. Gharavi and Midwest Wrestle had reasonable expectations of entering into business relationships through the Midwest Wrestle YouTube channel.

86.    Mr. Gharavi and Midwest Wrestle had reasonable expectations of entering into valid business relationships as a wrestling official at events across the United States.

87.    Defendant knew of Plaintiffs' expectancies.

88.    Defendant intentionally and unjustifiably interfered to prevent Plaintiffs'

17

expectancies from being fulfilled.

89.     Plaintiffs suffered damages as a result of Defendant's interference.

90.     Defendant was the proximate cause of Plaintiffs' suffered damages.

91.     Defendant's tortious interference was intentional and done in bad faith or, at a minimum, with reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1)  Enjoin Defendant from publishing false statements about Plaintiffs;

2)  Enter judgment in their favor and against Defendant in an amount to be determined at trial, but estimated to be well in excess of $75,000;

3)  Award Plaintiffs punitive damages;

4)  Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

5)  Any other further relief it deems just and appropriate.

## COUNT V:
### Tortious Interference with Contractual Relations

92.     Plaintiffs restate and incorporate by reference the allegations contained in the preceding paragraphs as if fully stated herein.

93.     Mr. Gharavi and Midwest Wrestle had valid business relationships through the Midwest Wrestle YouTube channel.

94.     Mr. Gharavi and Midwest Wrestle had valid business relationships as a wrestling official at events across the United States.

95.     Defendant knew of Plaintiffs' expectancies.

96.     Defendant intentionally and unjustifiably interfered to cause third parties to breach their contracts with Plaintiffs.

97.    Plaintiffs suffered damages as a result of Defendant's interference.

98.    Defendant's tortious interference was intentional and done in bad faith or, at a minimum, with reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1)   Enjoin Defendant from publishing false statements about Plaintiffs;

2)   Enter judgment in their favor and against Defendant in an amount to be determined at trial, but estimated to be well in excess of $75,000;

3)   Award Plaintiffs punitive damages;

4)   Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

5)   Any other further relief it deems just and appropriate.

### COUNT VI:
### Violation of the Uniform Deceptive Trade Practices Act

99.    Plaintiffs restate and incorporate by reference the allegations contained in the preceding paragraphs as if fully stated herein.

100.    Plaintiffs and Defendant both post videos of wrestling matches to YouTube.

101.    Upon information and belief, Defendant took steps to falsely alert the public that Plaintiffs pose a danger to the community and had published statements about Plaintiffs' alleged immoral and dangerous conduct to various authorities and wrestling leadership.

102.    Defendant used deceptive representations of Plaintiffs' character in connection with its own business practices.

103.    Defendant has misrepresented to consumers that Plaintiffs' goods and services have immoral characteristics and/or Plaintiffs' uses their goods and services in immoral and

offensive ways; disparaged Plaintiffs, Plaintiffs' goods and services, and/or Plaintiffs' business by publishing false or misleading representation of fact; and published its statements knowing and/or hoping they would harm Plaintiffs' business, or with reckless disregard for the falsity of said statements.

104.    Defendant knew or should have known its statements were false.

105.    Defendant's statements have caused great harm to Plaintiffs' business and reputation.

106.    Defendant acted willfully in its engagement in deceptive trade practices.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1) Enjoin Defendant from disclosing or continuing to disclose Mr. Gharavi's personally identifiable information or sensitive personal information;

2) Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

3) Any other further relief it deems just and appropriate.

## COUNT VII:
### Misrepresentation Under 17 USC § 512(f)

107.    Plaintiffs restate and incorporate by reference the allegations contained in the preceding paragraphs as if fully stated herein.

108.    Midwest Wrestle did not infringe on any copyright owned or administered by Defendant.

109.    On information and belief, Defendant knew or should have known that Midwest Wrestle did not infringe on any of Defendant's copyrights on the day(s) it submitted False DMCA Notices against Midwest Wrestle's YouTube videos.

110.    Accordingly, Defendant violated 17 U.S.C. § 512(f) by knowingly materially

misrepresenting that Midwest Wrestle infringed on Defendant's copyrights.

111.    As a direct and proximate result of Defendant's actions, Midwest Wrestle has been injured substantially and irreparably, including, but is not limited to, the financial and personal expenses associated with responding to the False DMCA Notices and harm to Midwest Wrestle's free speech rights under the First Amendment.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1) Enter judgment in their favor and against Defendant in an amount to be determined at trial, but estimated to be well in excess of $75,000;

2) Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

3) Any other further relief it deems just and appropriate.

## COUNT VIII:
### Unjust Enrichment

112.    Plaintiffs restate and incorporate by reference the allegations contained in the preceding paragraphs as if fully stated herein.

113.    Defendant received a benefit from Plaintiffs by way of redirection of Plaintiffs' good and honorable reputation and Plaintiffs' goodwill within the wrestling community.

114.    Defendant's business has financially benefitted from its publication of false and defamatory statements about Plaintiffs and their moral character.

115.    Defendant has unjustly retained the benefits flowing from its publication of false and defamatory statements about Plaintiffs and their moral character.

116.    Defendant's retention of these benefits is detrimental to Plaintiffs.

117.    Defendant's retention of these benefits violates the fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1) Enter judgment in their favor and against Defendant in an amount to be determined at trial, but estimated to be well in excess of $75,000;

2) Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

3) Any other further relief it deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all non-equitable claims.

Respectfully Submitted,

Dated: December 5, 2025

By: */s/ Stephanie A. Fox*
Stephanie A. Fox, Esquire  (DE Bar No. 3165)
Thomas J. Williams, Esquire  (DE Bar No. 6965)
1201 N. Market Street, Ste. 1100
P.O. Box 288
Wilmington, DE 19801
Phone: (302) 425-5177
saf@maronmarvel.com
twilliams@maronmarvel.com

Jeffrey S. Becker (*pro hac vice* forthcoming)
Nicole O'Toole Peterson (*pro hac vice* forthcoming)
Olivia E. Duggins (*pro hac vice* forthcoming)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
oduggins@smbtrials.com

*Attorneys for Plaintiffs*
*NIMA GHARAVI and RIGHT CALL*
*OFFICIALS, INC.*