**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NIMA GHARAVI, RIGHT CALL OFFICIALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>FLOSPORTS, INC.,<br><br>Defendant. | NO. 25-1472-MAK |

**REPORT OF RULE 26(F) MEETING**

Under Federal Rule of Civil Procedure 26(f) and this Court's Policies, counsel for the parties conferred on July 14, 2026, and submit the following report of their meeting for the Court's consideration at the initial pretrial conference:

1. **Discussion of specific claims, defenses and relevant issues**

**Plaintiffs' Position**: This action arises from Defendant FloSports, Inc.'s campaign to damage Plaintiffs' reputation and business in the wrestling community and beyond. Plaintiffs contend that FloSports, acting through its employees and agents, including Christian Pyles and Jon Kozak, published and disseminated false and defamatory statements about Plaintiffs, interfered with Plaintiffs' business and contractual relationships, and sought to suppress competition. Plaintiffs further contend that Defendant knowingly or recklessly disregarded the truth of its statements and that Defendant's conduct caused significant reputational, professional, and economic harm to Plaintiffs.

On September 23, 2026, the Court granted in part and denied in part Defendant's Motion to Dismiss. The Court dismissed without prejudice Plaintiffs' claims for defamation (Count I), invasion of privacy by false light (Count II), tortious interference with prospective business

relationships (Count IV), misrepresentation under 17 U.S.C. § 512(f) (Count VII), and unjust enrichment (Count VIII), while dismissing Plaintiffs' claim for intentional infliction of emotional distress (Count III) with prejudice. (D.I. 31). As for Counts V and VI, the Court granted Defendant leave to answer Plaintiff's remaining claims. (D.I. 31). Plaintiffs intend to replead Counts I, II, IV, VII, and VIII. Plaintiffs respectfully propose that the scheduling Order set December 18, 2026 as the deadline for Plaintiffs to file their amended complaint repleading the claims dismissed without prejudice. That date follows Defendant's anticipated responses to Plaintiffs' first written discovery and the initial returns on Plaintiffs' third-party subpoenas, so that Plaintiffs may amend once rather than serially.

Key factual issues for discovery include the creation, review, approval, publication, and dissemination of the statements at issue; Defendant's knowledge concerning the truth or falsity of those statements and DMCA allegations; the involvement of Christian Pyles, Jon Kozak, and other FloSports personnel in the conduct at issue; communications between FloSports and third parties concerning Plaintiffs; the basis for Defendant's asserted defenses; and Plaintiffs' damages. Plaintiffs anticipate discovery will initially focus on the most readily accessible sources of relevant information, including Defendant's internal communications, social media publications, DMCA-related records, and documents identifying individuals with knowledge of the events at issue.

**Defendant's Position:** This lawsuit concerns statements by understandably concerned individuals regarding whether YouTube videos posted by Nima Gharavi through his company Right Call Officials, Inc., on the channel Midwest Wrestle, were focused on aspects of youth wrestlers that were being exploited by pornographic sites.

FloSports expressed its concern in cease and desist communications to Plaintiffs and their counsel. Employees of FloSports also expressed their general concern about unnamed individuals exploiting young wrestlers under their personal social media accounts.[1]

Following this Court's decision granting Defendant's motion to dismiss in substantial part, there are only two claims remaining in this action: (1) tortious interference with contractual relations relating to officiating opportunities and (2) violation of the Uniform Deceptive Trade Practices Act. Having failed to state their remaining claims, Plaintiffs are not entitled to discovery merely to determine whether or not there may be a factual basis for them. Unless and until Plaintiffs amend their complaint to adequately allege the dismissed claims, they are not an appropriate subject for discovery. As to the surviving claims, Defendant anticipates taking discovery on the following topics:

- Plaintiffs' selection, editing, and marketing of his videos, and his intent behind the same.
- The information relied upon and intent of Defendants' employees in making the statements at issue.
- Third parties' access to, reliance on, and understanding of Defendant's employees' statements.
- Views of Plaintiffs prior to any activities by Defendant.
- The existence of Plaintiffs' contracts with third parties and the reasons such contracts, if any, were not renewed.

Defendant may take discovery on additional topics if Plaintiffs successfully amend their complaint to plausibly plead the dismissed claims, and if it identifies counterclaims to bring against Plaintiffs.

---

[1] FloSports also submitted takedown notices to YouTube on grounds that certain videos posted to Midwest Wrestle violated FloSports' exclusive rights to record and distribute those wrestling events. Plaintiffs' claims related to those takedown notices have been dismissed.

2. **Stipulated facts and insurance coverage and deductibles**

i. Plaintiff Nima Gharavi is an Illinois resident.

ii. Plaintiff Right Call Officials, Inc. is an Illinois corporation.

iii. Defendant FloSports, Inc. is a Delaware corporation with its principal place of business located in Texas.

iv. Mr. Gharavi is the only officer and employee of Right Call Officials, Inc. d/b/a Midwest Wrestle.

v. Mr. Gharavi operates the Midwest Wrestle YouTube channel.

vi. FloSports submitted takedown requests to YouTube regarding certain Midwest Wrestle videos.

vii. On June 2, 2023, FloSports sent a cease and desist letter to Gharavi, stating that in FloSports' view, his videos of wrestling matches published on the Midwest Wrestle YouTube channel violate FloSports' exclusive right to record and distribute these events.

viii. At the time the statements at issue were made, Christian Pyles was an employee of FloSports, in the role of Content Director.

ix. At the time the statements at issue were made, Jon Kozak was an employee of FloSports, in the role of Ranker.

The parties will continue to confer regarding additional stipulations intended to streamline discovery and trial. Regarding insurance coverage, Defendant has produced applicable insurance coverage policies.

3. **Informal Disclosures**

The parties served initial disclosures by October 14, 2026.

4. **Additional disclosures**

Not applicable.

5. **Formal discovery**

The parties have not yet exchanged formal written discovery. The parties anticipate discovery will likely require more than ninety days as it will require time and expense to collect information from third parties, including YouTube.

**Plaintiffs' Position:** Plaintiffs respectfully submit that compelling reasons justify a fact discovery period of approximately 150 days from the scheduling Order, which allows roughly ninety days of discovery on all claims after the amended complaint is filed. The claims to be repleaded turn on facts within Defendant's control and on third-party records, including what Defendant submitted to YouTube and which third parties received Defendant's statements. Third-party discovery will be required from YouTube, Northwestern University, and wrestling organizations in several states. Discovery should proceed on all claims without interruption while any motion to dismiss the amended complaint is pending. Plaintiffs further request an order under Federal Rule of Evidence 502(d) providing that production of privileged or protected material does not waive the privilege or protection in this or any other proceeding. Plaintiffs anticipate they will need to take the depositions of Mr. Gharavi and employees and representatives of FloSports, including Jon Kozak and Christian Pyles, as well as any other witnesses disclosed in each party's initial disclosures. Plaintiffs further anticipate taking discovery on the following subjects from Defendant and/or third parties:

- The creation, editing, approval, publication, and dissemination of the statements at issue;
- Christian Pyles' and Jon Kozak's roles in the creation, publication, dissemination, and promotion of the statements at issue;

- Communications among FloSports employees and representatives concerning Plaintiffs, Midwest Wrestle, and the allegations underlying the challenged statements;
- Defendant's knowledge concerning the truth or falsity of the statements at issue;
- Communications between FloSports and wrestling organizations, event operators, officials, coaches, athletes, media members, and other third parties concerning Plaintiffs;
- The factual basis for Defendant's truth, opinion, privilege, innocent construction, and lack of damages defenses;
- DMCA takedown notices submitted by Defendant concerning Midwest Wrestle content;
- Documents and communications relating to Defendant's interference with Plaintiffs' business relationships, contractual opportunities, and professional reputation; and
- The identities of persons with knowledge concerning the allegations, defenses, and damages at issue

**Defendant's Position:** Defendant is amenable to a fact discovery period of approximately 150 days but as stated above, objects to discovery related to the dismissed claims unless and until Plaintiffs adequately plead these claims. Defendant anticipates taking discovery on the following subjects from Plaintiffs and/or from third parties:

- YouTube Studio analytics for the Midwest Wrestle channel
- Revenue by video for Midwest Wrestle
- Traffic-source data for Midwest Wrestle
- Embed/referral data for Midwest Wrestle
- Gharavi's communications with users regarding Midwest Wrestle

- Documents regarding the editing and selection of thumbnails for Midwest Wrestle
- Comments and moderation logs on Midwest Wrestle
- Gharavi's communications with anyone regarding the videos or thumbnails being suggestive or improper
- DMCA takedown notices received by Plaintiffs
- Plaintiffs' served subpoenas and third-party responses related to Midwest Wrestle
- Communications with YouTube or third-party sites about Midwest Wrestle YouTube channel and videos
- Gharavi's communications with youth wrestling event owners about filming rights
- Videos filmed by Gharavi at events where FloSports had exclusive recording rights
- Any documents supporting claimed damages
- Gharavi's work and criminal history
- Gharavi's reputation within the wrestling community, and friends and family
- Gharavi's officiating contracts with the National Collegiate Athletic Association, the Illinois High School Association, the Illinois Elementary School Association, USA Wrestling, and other wrestling organizations

6. **Electronic discovery**

The parties have reviewed this Court's Electronic Discovery Standing Order and have agreed to preserve relevant electronically stored information. The parties do not anticipate any concerns regarding electronic discovery. At present, neither party anticipates extraordinary costs associated with ESI production.

7. **Expert witness disclosures**

The parties anticipate that expert discovery may be necessary, including expert testimony regarding damages and rebuttal opinions. At this time, neither party has identified any expert witnesses.

8. **Settlement or resolution**

The parties have discussed the possibility of settlement and alternative dispute resolution. The parties believe mediation may be most appropriate after the completion of fact discovery and filing of any motions for summary judgment. The parties will continue to assess settlement opportunities throughout the litigation.

9. **Trial**

Counsel have identified the following periods during which they have existing trial commitments or scheduling conflicts and may be unavailable for trial in this matter:

i. February 7–March 23, 2027;

ii. March 5–23, 2027;

iii. April 12–16, 2027;

iv. June 21-30, 2027;

v. July 2–16, 2027; and

vi. November 1–8, 2027.

10. **Referral to Magistrate Judge**

The parties do not jointly request referral to the Magistrate Judge for the purposes of trial.

11. **Other Matters**

None at this time.

| | |
|---|---|
| **MARON MARVEL BRADLEY ANDERSON & TARDY LLC**<br><br>*/s/ Stephanie A. Fox*<br>Stephanie A. Fox, Esquire (DE Bar # 3165)<br>1201 N. Market Street, Suite 1100<br>Wilmington, DE 19801<br>Phone: (302) 425-5177<br>Fax: (302) 425-0180<br>saf@maronmarvel.com<br>*Counsel for Plaintiffs Nima Gharavi and Right Call Officials, Inc.* | **BALLARD SPAHR LLP**<br><br>*/s/ Lauren P. Russell*<br>Lauren P. Russell, Esquire (DE Bar # 6576)<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801-3034<br>Phone: (202) 661-7605<br>Fax: (202) 661-2299<br>russelll@ballardspahr.com<br>*Counsel for Defendant FloSports, Inc.* |

Dated: October 21, 2026