**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>FLOSPORTS, INC.<br><br>*Defendant*. | C.A. No. 25-1472-MAK |

**JOINT MEMORANDUM REGARDING RULE 53 SPECIAL MASTER**

Under the Court's October 23, 2026 Order, the parties conferred on the appointment of a Special Master. D.I. 42 ¶ 6.

The Parties consent to the selection of Judge Conner. Plaintiffs do not have an objection to Judge Jordan if Judge Conner is unavailable. Defendant does not consent to Judge Jordan for cost reasons. The Parties agree that Judge Goldberg would be inappropriate, as his firm, Blank Rome LLP, previously represented the Defendant in this matter.

Plaintiffs are an individual and his one-person company, and respectfully request that this Court first refer this matter to mediation before a Magistrate Judge of this district if one is available. *See* D. Del. LR 72.1(a)(1). Plaintiffs believe it is preferable, if possible, to avoid the additional expense of private mediation, especially if the issues can first be narrowed. Defendant does not oppose Plaintiffs' request that the Court refer this matter to mediation before a Magistrate Judge to reduce costs.

Plaintiffs also request that the appointing order allocate payment between the two sides by their means, or at least equally, and cap fees absent further order. Fed. R. Civ. P. 53(a)(3), (b)(2)(E), (g)(3). Defendant opposes Plaintiffs' request that the Court order payment for a private

mediator be allocated by the parties' means. Plaintiffs initiated this lawsuit and therefore must be prepared to incur reasonable litigation fees, and determining the amount to be paid per party would require additional discovery and dispute resolution. Defendant respectfully requests that the parties pay the mediator equally per side, meaning Defendant pays the mediator for half their costs and the Plaintiffs pay the other half. *See Atlantic Richfield Co. v. Am. Airlines, Inc.*, 98 F.3d 564, 572 (10th Cir. 1996) (finding district court did not abuse its discretion in reasoning "that because both sides benefitted from the services of the settlement judge, each side should pay half the fees and expenses").

Dated: November 3, 2026

**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**

*/s/ Stephanie A. Fox*
Stephanie A. Fox (DE Bar ID No. 3165)
1201 N. Market Street, Ste. 1100
P.O. Box 288
Wilmington, DE 19801
Phone: (302) 472-1739
saf@maronmarvel.com

William D. Patterson (*pro hac vice*)
Jeffrey S. Becker (*pro hac vice*)
Nicole O'Toole Peterson (*pro hac vice*)
Olivia E. Duggins (*pro hac vice*)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
*Attorneys for Plaintiffs*

**BALLARD SPAHR LLP**

*/s/ Lauren Russell*
Lauren Russell (DE Bar ID No. 6576)
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Phone: (202) 661-2200
russelll@ballardspahr.com

Thomas B. Sullivan (*pro hac vice*)
1675 Broadway,
New York, NY 10019
BALLARD SPAHR LLP
*Attorneys for Defendant*